INGERSOLL & INGERSOLL *vs.* SKINNER and another, overseers of the poor of the town of Norwich.

A single action for the penalty may be sustained against *several* who join in selling liquors without licence.

Though several concur in the commission of an act for which a penalty is given, only one penalty can be recovered, either in one or in several actions. *Per* JEWETT, J.

The provisions of the statute requiring a licence for selling strong and spirituous liquors· in small quantities, do not conflict with any provision in the constitution of the United States.

Ingersoll v. Skinner.

Error to the Chenango common pleas. The overseers of the poor of the town of Norwich sued Frederick W. & Thomas H. Ingersoll in an action of debt, before a justice of the peace, to recover a penalty alleged to have been incurred by the defendants for selling strong or spirituous liquors in quantities less than five gallons, without having a licence under the provision of the revised statutes entitled "Of excise, and the regulation of taverns and groceries." The defendants pleaded the general issue, and the cause was tried by a jury. It was proved that the defendants kept a grocery in the town of Norwich, and that they frequently sold spirituous liquors in quantities less than five gallons, which were drank in their grocery store, within two or three months prior to the commencement of the suit. The jury found a verdict against the defendants for $25, for which, with the costs, the justice rendered judgment; which was affirmed by the common pleas on *certiorari.*

*R. O. Reynolds,* for the plaintiffs in error.

*Abial Cook,* for the defendants in error.

*By the Court,* JEWETT, J. This action is debt, by the overseers of the poor of the town of Norwich, in Chenango county, on the fifteenth section of the statute entitled "Of excise, and the regulation of taverns and groceries," (1 *R. S.* 680,) which provides that "whoever shall sell any strong or spirituous liquors or any wines in any quantity less than five gallons at a time, without having a licence therefor granted as herein directed, shall forfeit twenty-five dollars." The offence was clearly proved. The evidence shows that the defendants kept a grocery store and sold spirituous liquors, prohibited by the statute, in the town of Norwich.

The counsel for the plaintiffs in error relies on two points to reverse the judgment. 1. That a joint action will not lie on a penal statute, against several, for what in law is a separate offence in each. 2. That the statute under which the recovery

was had is void, on the ground that it conflicts with some pro-visions of the constitution of the United States.

As to the first point, the offence in this case was single, and could not be severed, and of consequence the penalty was only *single;* and although several persons joined in committing it, it still con stitutes but one offence. The penalty refers to the offence, not to the persons. *Patridge* v. *Naylor*, (*Cro. Eliz.* 480, *also reported in Moore,* 453, *and Noy,* 62,) was an action on the statute, (1 *and* 2 *Phil. & Mary, ch.* 12,) brought against three defendants for im-pounding distresses in several places. Upon not guilty pleaded, the jury found a verdict against all three; and judgment was entered up for five pounds and costs (the penalty given by the statute) against each defendant severally. On error it was held bad; that there was but *one* offence, notwithstanding the words of the statute were, that "every person offending shall for every such offence forfeit," &c. One, two, three or more, might im-pound the distress wrongfully; it still would be but one act of impounding and could not be severed; it would be but one of-fence, and would be satisfied by one forfeiture. *Boutelle, qui tam, &c.* v. *Nourse,* (4 *Mass. R.* 431,) was an action of debt against the defendant for taking 7200 *alewives* in Sebasticook river, on the 31st day of May, 1807, the same being Sunday, contrary to the statute, whereby he had forfeited twenty cents for each of said fish, amounting to $1800. The defendant pleaded in bar, that the plaintiff in the court of common pleas theretofore impleaded one Morrill in a plea of debt, and recover-ed judgment against him for $15,25, debt and costs, which Morrill paid, and averred that the taking of the fish described in the plaintiff's declaration against Morrill was the same taking of the fish described and mentioned in the plaintiff's declaration in the action against the defendant, and that the defendant was jointly concerned with Morrill in the taking of said fish, and not otherwise; to which plea there was a demurrer. The statute on which the action in that case was founded provided, "that if any person or persons shall take or catch any salmon, shad, or alewives, in any of the waters within the said counties, between the 20th day of April and the 5th day of July, annually, at any

Ingersoll v. Skinner.

other time than between sunrise on Monday and sunrise on Saturday in each week, he or they so offending shall forfeit and pay as a fine for each and every salmon, &c. so taken," &c. Parsons, Ch. J. in delivering the opinion of the court said, " as the statute imposes a penalty for every alewife taken, to be paid by the offender, we are satisfied that but one penalty can be recovered for taking the same fish. Although debt *qui tam* lies to recover the penalty, yet the debt arises from a trespass which in its nature is several, as well as joint. The action may, therefore, be sued against one or more of the joint offenders," &c. And again : " If several persons were fishing at the same time, each with his own net, and on his own separate account, they would be separately liable to the penalty, each one for the fish he caught."

By our statute *whoever* shall sell, &c. is subjected to the penalty of twenty-five dollars. The only inquiry, then is, who sold? The answer is, neither of the defendants *severally*, but both *jointly*. Both were jointly concerned in the commission of a single act, for which a *single penalty* is imposed ; and I think a joint action is well sustained. See also *Rex* v. *Clarke*, ( *Cowp.* 610 ;) *Hardyman* v. *Whitaker*, (2 *East*, 573, *note ;*) *The King* v. *Bleasdale*, (4 *Term R.* 809 ;) *Curtis* v. *Hurlbut*, (2 *Conn. R.* 309.) (*a*)

As to the second point made by the counsel for the plaintiffs in error, I have not discovered any provision of the constitution of the United States which renders void the statute imposing the penalty for which this action was brought.

Judgment affirmed.

(*a*) See also *Marsh* v. *Shute*, (*ante, p.* 230,) where it is held that a suit for a penalty for an *omission* of duty by a public officer cannot be brought against several.