HALL & WHEELER, overseers of the poor of Canandaigua, *vs.* J. McKECHNIE and A. McKECHNIE.

There is no particular mode by which counts or causes of action are to be separated and distinguished from each other, in a complaint in a justice's court. Any mode which apprises the defendant of what is intended is sufficient.

Where a complaint, in a justice's court, purported to contain four several counts, or to state four distinct causes of action separately, it being averred in the first count that the defendant was indebted to the plaintiffs as overseers of the poor in the sum of $25, whereby an action had accrued to them as such overseers, according to the statute, specifying the title and two of the sections, which sections impose a penalty of $25 for selling strong or spirituous liquors or wines, in small quantities without a license, to be recovered by an action in the name of the overseers of the poor; and each of the subsequent counts stated a further indebtedness in a like sum, and was otherwise in form similar to the first; *Held,* that the complaint was sufficient, in substance.

And it being proved that the defendants were proprietors of a store, doing business together, and present in the store daily; that sales by small measure, of spirituous liquors, were made there by a clerk of the defendants, some of which occurred in their presence; *Held,* that this proof warranted the conclusion that the sales were made by their authority; and that they thereby incurred the penalty, in like manner as if they had sold personally.

*Held further,* that the penalty for each offense was single, and that the defendants, having united in committing the offenses, were jointly liable for the penalties incurred.

If a defendant, in a justice's court, designs to raise the objections that the complaint is not sufficiently explicit, or that it does not contain a cause of action,

Hall v. McKechnie.

he should raise them by demurrer. The objection of indefiniteness and uncertainty will be waived by not thus making it. And so, *it seems*, in respect to the objection that a cause of action is not stated.

Where the parties go to trial upon a complaint, however defective, without objection on account of the defects, if the plaintiff proves a good cause of action, a judgment in his favor will be good.

THIS was an appeal by the defendants from a judgment of the Ontario county court. The action was commenced before a justice of the peace. The complaint was as follows:

" Plaintiffs in this action complain of the defendants for this ; that the defendants at the commencement of this action were indebted and still are indebted in the sum of twenty-five dollars to the plaintiffs, as overseers of the poor of the town of Canandaigua, whereby an action hath accrued to the said plaintiffs as such overseers, according to the statute entitled of excise, and the regulation of taverns and groceries, chapter 20, title 9, sections 17 and 21, (4th edition,) of the first part of the revised statutes.

The plaintiffs further complaining say, that the defendants at the commencement of this action were, and still are, indebted in the further sum of twenty-five dollars to the plaintiffs, as overseers of the poor of the town of Canandaigua, whereby an action hath accrued to the said plaintiffs as such overseers, according to the statute entitled of excise, and the regulation of taverns and groceries, chapter 20, title 9, sections 17 and 21, (4th edition,) of the first part of the revised statutes.

Plaintiffs further complaining say, that the defendants at the commencement of this action were, and still are, indebted in the further sum of twenty-five dollars to the plaintiffs, as overseers of the poor of the town of Canandaigua, whereby an action hath accrued to the said plaintiffs as such overseers, according to the statute entitled of excise, and the regulation of taverns and groceries, chapter 20, title 9, sections 17 and 21, (4th edition,) of the first part of the revised statutes.

The plaintiffs further complain and say, that the defendants at the commencement of this action were, and still are, further indebted in the sum of twenty-five dollars to the plaintiffs, as over-

seers of the poor of the town of Canandaigua, whereby an action hath accrued to the said plaintiffs as such overseers, according to the statute entitled of excise, and the regulation of taverns and groceries, chapter 20, title 9, sections 17 and 21, (4th edition,) of the first part of the revised statutes, wherefore the plaintiffs demand payment against the defendants for the sum of $100, besides costs."

The defendants asked to have the three last counts of the complaint stricken out, which motion was denied by the court, and they answered the complaint verbally, and denied the same.

On the trial the defendants objected to the plaintiffs proving more than one indebtedness of twenty-five dollars, or one violation. Objection overruled by the justice. The defendants admitted the plaintiffs to be the overseers of the poor of the town of Canandaigua. After the testimony was concluded, the defendants moved that the plaintiffs be nonsuited, on the ground that they had failed to make out a case; that the defendants were not shown jointly liable by the evidence; and that the action could not be prosecuted jointly. The application for nonsuit was denied, and the defendants excepted. The justice rendered a judgment in favor of the plaintiffs for $100 damages, and $3.58 costs. The defendants appealed to the county court. That court affirmed the judgment of the justice, and the defendants appealed to this court.

*Smith & Lapham*, for the appellants.

*M. H. Peck*, for the respondents.

*By the Court*, T. R. STRONG, J. The complaint purports to contain four several counts, or to state four distinct causes of action, separately. In the first count it is averred that the defendants are indebted to the plaintiffs as overseers of the poor in twenty-five dollars, whereby an action has accrued to them as such overseers, according to the statute, specifying the title and two of the sections, which sections impose a penalty of twenty-five dollars for selling strong or spirituous liquors or wines, in

Hall *v.* McKechnie.

small quantities without a license, to be recovered by an action in the name of the overseers of the poor. Each of the subsequent counts states a further indebtedness in a like sum, and is otherwise in form similar to the first. No one could fail to understand from the complaint that it was intended to state separately four several violations of the section first named, and to seek to recover four penalties. There is no particular mode by which counts or causes of action are to be separated and distinguished from each other in a complaint in a justice's court. Any mode which apprises the defendant of what is intended is sufficient. (*Code*, § 64, *sub.* 5.)

A motion was made before the justice, on the complaint being presented, that the last three counts be stricken out, which was properly denied; beyond this, no objection whatever was taken to the complaint. If it had been demurred to as not sufficiently explicit to enable the defendants to understand it, or that it did not contain a cause of action, it would have been the duty of the justice, if he deemed the objection well founded, to order the pleading to be amended. (*Code*, § 64, *subs.* 6, 7.) The defendants, if they designed to raise these objections, should have presented them by demurrer; the objection of indefiniteness and uncertainty is waived by not thus making it; and I think it is the same in respect to the objection that a cause of action is not stated. If the parties go to trial upon a complaint, however defective, without objection on account of the defects, if the plaintiff proves a good cause of action, a judgment in his favor will be good. But the complaint in this case is sufficient in substance. It virtually alleges violations by the defendants of the first named section, by selling strong or spirituous liquors or wines, in quantities less than five gallons, without license. (*Code*, § 64, *sub.* 5.)

It was proved that the defendants were proprietors of a store, doing business together, and in the store daily; that sales by small measure of spirituous liquors were made there by a clerk of the defendants; some of which occurred when the defendants were in the store. This proof warranted the conclusion that the sales were by their authority. Sales by their clerk, acting

under their directions, were made by them, and they thereby incurred the penalty in like manner as if they had personally sold.

The penalty for each offense is single; the defendants were united in committing the offense, and are jointly liable for the penalties incurred. (*Conley* v. *Palmer*, 2 *Comst.* 182. *Inger-soll* v. *Skinner*, 1 *Denio*, 540.)

The judgment of the county court must be affirmed.

[MONROE GENERAL TERM, September 1, 1856. *T. R. Strong, Welles* and *Smith*, Justices.]