Towsley *v.* Denison.

---◇---

TOWSLEY *vs.* DENISON, impleaded with others.

Where a party receiving an account keeps the same, and makes no objection to it, within reasonable time, he will be considered, from his silence, as acquiescing in its correctness, and it will have the force of a stated account between the parties, binding as such upon both of them, presumptively.

And if either party attempts to impeach the settlement and open the accounts for re-examination, the burden of proof rests upon him, and he must prove fraud, or point out clearly the error or mistake on which he relies.

THIS action was commenced more than six years after the cause thereof accrued, to recover the value of certain stone, alleged to have been sold and delivered by the plaintiff to the defendants, in the fall of the year 1854, and for damages to, and loss of boats used in the delivery of the stone. The defendant Fox, in the year 1854, took a contract from the state to do some work at Mud lock, and at Montezuma, on the Erie canal. The defendant Denison was his surety on a bail bond to the laborers for their security. After the work was commenced, in the fall of 1854, the defendant Fox failed, and Denison went on with the work for a short time,

for the purpose of relieving himself from his liability. The plaintiff delivered stone for the performance of this job, and seeks to make Denison liable therefor in this action. In January, 1855, the plaintiff presented a bill to Denison for $618.46, which would give him a balance now of $32.46. He was then paid $300 and had been paid before $286. In March, 1855, he presented another bill, and claimed a balance of $52.41. In his first complaint, in December, 1860, he claimed for these items $808 ; in the second complaint, in March, 1861, $858 ; and in the third complaint, March, 1862, $1193.41, which would leave a balance of $607.41.

The action was tried before a referee, who found in favor of the plaintiff for $1188.41 ; and judgment being entered upon his report, the defendant Denison appealed.

*W. C. Ruger,* for the appellant.

*Wm. H. Burton,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The contract in question in this action was needlessly under seal. It was such a contract as the defendant Fox, if he and the other defendants were partners or jointly interested in the subject matter of the agreement, might properly make, like any simple contract, without seal or any express authority. But there is abundant evidence, I think, to support the finding of the referee that the defendant Denison, if he did not authorize Fox to make such contract and sign it for him, afterwards knew of the contract or that Fox had made a contract with the plaintiff for the purchase and delivery of the stone for which the action was brought. He ordered and received some of the stone delivered, and made payments for them, distinctly recognizing and ratifying a contract therefor as made by the defendant Fox. The other defendants do not defend, and it is immaterial whether there is sufficient evidence to make the contract a valid and joint contract as

to all.   It binds the defendant Denison, I think, very clearly.
The statute of limitations was not a valid defense to the
plaintiff's account.   The whole of the plaintiff's account, it
is proved, accrued before December 1, 1854, more than six
years before the commencement of this action, which was
commenced in December, 1860, but the defendant recognized
the existence and validity of the plaintiff's claim against
him on the 2d of January, 1865, when he notified the plain-
tiff not to deliver any more stone on the contract and then
paid the plaintiff $200 on account of the stone previously
delivered, and on the 23d of the same month, when he paid the
plaintiff the further sum of $300 thereon.   The statute of
limitations began to run, I think, upon the account from the
latter date, which is less than six years before the commence-
ment of this suit.

But the referee, I think, erred in not giving proper legal
force and effect to the account rendered by the plaintiff to
the defendant in the letter dated the 10th of March, 1855.
This was the second account rendered by the plaintiff to the
defendant professing to be an account of the quantity of
the stone delivered.   The previous account was delivered on
the 23d of January previously, and this account, rendered
on the 10th of March, purports to be a corrected account.   It
is a full account of the quantity of the stone delivered, with
credits for the money received on such account, and states
and claims at the foot that a balance was due the plaintiff
corresponding with the footings of such account, of $52.46,
for which he asks payment.   This account the defendant
Denison received at about its date, and never, it appears,
objected to it.   He must therefore be deemed to have acqui-
esced in its correctness.   The account stood thus nearly six
years before this suit was commenced ; no controversy, so far
as the evidence discloses, having ever existed in regard to the
correctness of such account before the commencement of this
action.   It seems to me that the said account must therefore
have the force of a stated account between these parties,

binding as such upon both of them, presumptively. The rule on this subject is well stated by the vice chancellor in *Philips* v. *Belden*, (2 *Edw. Ch. Rep.* 13,) to be, that when a party receiving an account, "keeps it by him and makes no objection to it within a reasonable time, he will be considered from his silence as acquiescing, and be bound by it as a stated account. The account in such case is equally binding upon both parties. And if either attempts to impeach the settlement and open the accounts for re-examination either in whole or in part, which can only be done on the ground of fraud, mistake or error, the burden of proof rests upon the party impeaching, and he must prove fraud, or point out clearly the error or mistake on which he relies." (*See also Beebe* v. *Robert*, 12 *Wend*, 413; *Lockwood* v. *Thorne*, 1 *Kern.* 172; *Holland* v. *Sprague*, 12 *Peters*, 330.) The referee, I think, should have held this account rendered March 10, 1855, a stated account and presumptively the true account between the parties in respect to the stone in question, unless and until it was clearly impeached by the plaintiff and shown to be erroneous. It seems to me that the proof in the cause rather tends to confirm than impeach this account. It was made by the plaintiff himself at the time when the matter was fresh in his mind. It corresponds with the testimony of the engineer who estimated the stone at the time, and whose testimony, it seems to me, was the best evidence in the case in respect to the quantity of the stone. He estimated it for the parties, at the time, and they obviously referred to him to determine the quantity, for by the terms of the contract the plaintiff was to receive *eight dollars* on the delivery of each load of stone and the monthly estimate of the engineers. The plaintiff himself testifies that he got the items for this account from the engineer and from the defendants' agent who made the payments to his boatmen on the delivery of the several boat loads of stone credited in the account. I think the cause should have been tried upon the presumption that this account of the 10th of

March, 1855, was a stated account and the true account between the parties, and binding as such until impeached for error or mistake, and that very clearly, after the lapse of six years from the date of the original transaction.

For this error of the referee I think there should be a new trial, with costs to abide the event, unless the plaintiff is willing to reduce the judgment so that the balance as stated in said account of $52.46, with interest thereon from the 10th of March, 1855, shall constitute the judgment, and if so, it should be affirmed for that amount.

[Monroe General Term, March 5, 1866. *Johnson, Welles* and *E. D. Smith*, Justices.]