## JAMES H. CASE, RESPONDENT, *v.* HIRAM A. HOTCHKISS, APPELLANT.

*Account rendered—Account stated—Interest.*

Where an account has been rendered to which no exceptions are taken, it may be regarded as an account stated, upon which interest may be demanded.

PARKER J.—This is an action to recover for the services of the Plaintiff's assignors, as attorneys and counsellors-at-law. Only two exceptions appear in the case to have been taken upon the trial, and these raise the only questions which we can consider.

The first was to the decision of the Court sustaining the Plaintiff's objection to the following questions put by the Defendant's counsel to the Plaintiff's witness on cross examination : " Was there anything to argue ? " The question referred to the argument of an appeal at the General Term, in an action which the Plaintiff's assignors defended for this Defendant. The witness (who was one of said assignors) had already testified that the appeal was taken under Defendant's direction, which evidence was uncontradicted in the case, and that he and his partners had paid other counsel for arguing it at the General Term. The manifest point of the inquiry was, not whether the case was before the General Term in a condition to be argued, but either, whether there was any question presented for argument in the case as made, or, whether there were any merits in the question presented to the Court. Whatever was intended, the question was properly excluded. Whether the case presented to the Court any question for its consideration, or whether the question presented had any merit or not, was quite immaterial, inasmuch as the attorneys had been employed by the Defendant to carry the case to the General Term, and were thereupon bound to see that it received the attention necessary to obtain the decision of the General Term, sought for by the appeal. Neither was it material with reference to the question whether an argument was in fact had. The obligation of the attorneys to be in attendance, by themselves or counsel, was the same in either case, and the fact that there was nothing to

argue in the sense intended by the question, would have been no proper ground of inference that it was not, in fact, argued, in the legal sense of submitting the case to the General Term for decision. Besides, it became a matter of no importance in the case, from the fact that it was subsequently shown that the amount was liquidated by the Defendant's admission, and no question was made as to the amount. The other exception is to the charge of the judge, in which he instructed the jury that they might allow interest upon the amount of the account. It appeared by uncontradicted evidence that the account, as claimed in the complaint, was rendered to the Defendant on the 25th of January, 1859, and no objection was ever made to it, in respect to the amount or otherwise, prior to the commencement of the action, which was more than a year, and the trial was had over two years after such presentation. The account was, I think, properly regarded as an account stated (Lockwood v. Thorne, 1 Kern. 170 ; Towsley v. Denison, 45 Barb. 490 ; Phillips v. Belden, 2 Ewd. Ch. R. 1).

Being so regarded, it drew interest from the time when it was liquidated, which was at the time when it was rendered, inasmuch as no objection was ever made to it (Walden v. Sherburne, 15 John. 409 ; Patterson v. Choate, 7 Wend. 441 ; Feeter v. Heath, 11 Wend. 479).

On the merits, therefore, the judgment is clearly right, and should be affirmed.

But, moreover, the Appellant, when the cause was reached on the calendar, neither appeared to argue, nor subsequently furnished papers for the Court. For this reason the Respondent is entitled to an affirmance of the judgment, and I think also to ten per cent. damages for the delay occasioned by the appeal.

Judgment accordingly.