By the Court, Robertson, Ch. J.
The evidence in this case seems to me so clearly to preponderate against the finding by the jury formally of any verdict in favor of the defendant, that independently of any personal knowledge on the subject, the court at special term was justified in refusing to change the minutes. The jury were undoubtedly in his favor as to the injury to the chattels removed from the premises in question, but were restrained from so expressing themselves by the instruction of the court, that their verdict was equivalent to a general one for the plaintiff. The defendant is therefore not entitled to any relief, unless the complaint contains two causes of action, and the defendant was deprived of a verdict upon one in his favor by the action of the court. Even, however, if there were two causes of action, if there were no question of costs, the court ought not to grant a new trial, since no objection was taken at the time to such direction of the court. (Pentz v. Sackett, Hill and Denio’s Supp. 113.) The answer in this case speaks of but one cause of action in the complaint, and put in two defenses to all the acts alleged in the complaint, jointly. The complaint sets forth the destruction of some, and the simultaneous conversion of other personal property of the plaintiff. Possibly the plaintiff might have commenced two separate actions for the goods injured and the chattels carried away as formerly, an action of trespass and one of *561 trover; but both could properly come in under the head of “ alia enormia ” in an action of trespass “ de bonis asportatis.” Possibly, also, the defendant by his defenses might have divided them, by showing that the chattels converted were lawfully in his own possession when he converted them, or their possession not obtained by the same trespass, in committing which he threw the goods in the street; The plaintiff has not taken any ordinary mode of earmarking the different unlawful acts claimed by the defendant to be separate causes of action, although the nineteenth general court rule requires them/to be separately stated and plainly numbered, if intended to be separate. \ The mode of separating causes of action seems to be very indeterminate. (Hall v. McKechnie, 22 Barb. 244.) As the plaintiff had a right to consider two simultaneous injuries one cause of action, and has done nothing to separate them in his complaint, but has alleged they were done at the same time, as they are of the same character, and the defendant has treated them in his defense as one cause of action, I think there was no reason for separating them at the trial in the verdict or judgment.
The order was correct, and should be affirmed, with costs.
Jones, J.
When a verdict, either through fraud, mistake or negligence, is rendered contrary to the fact, the court may interfere and correct the verdict, so as to accord with the fact. In no other case can it interfere, except to set aside the verdict, and either render judgment absolute the other way or grant a new trial, upon a motion for a new trial or on an appeal from the judgment entered on the verdict.
The only question then presented in this case is, whether the record of the verdict accords with the fact. The affidavits clearly show that when the jury returned into court, after having retired to consult, they in the first place announced their verdict as follows: “ We find a verdict for the plaintiff for the conversion of the shop, and' value the same at $40.” Upon being asked whether they intended *562 to allow interest on that sum, they said, “we do,” and thereupon, computed the interest and found it to be $28. The presiding judge then directed the clerk to enter the verdict as a verdict for the plaintiff for $68. The clerk did so enter it, and then said to the jury, according to the invariable practice of all courts of record: • “ Gentlemen of the jury, hearken to your verdict as it stands recorded. Tou say you find a verdict for the plaintiff, and assess his damages at $68, and so say you all.” The jury then assented to this record as being a correct record of the verdict which they, under the instruction of the court as to the effect of the verdict first announced, rendered. It follows that the subsequent alteration of the rendered verdict, by the clerk, was wholly unauthorized, and that the subsequent striking out of the alteration, and denial of the motion to re-insert it, were correct.
It is unnecessary here to consider whether the judge was correct in deciding that the verdict as announced was in legal effect a general verdict for the plaintiff. That decis-, ion was made in the course of the trial, and can only be reviewed in the same manner as a decision admitting or excluding evidence. I say the decision was made in the course of the trial, for the trial continues up to and until the verdict is récorded; and the decision in question was made before the verdict was recorded. Whether that decision can be reviewed without an exception having been taken to it; and if it cannot, whether the defendant can by some other motion put himself in a position to review that decision, are questions which do not properly arise on this appeal.
With the denial of that part of the motion which seeks to have the verdict as now recorded amended, the rest of the motion falls.
The order should be affirmed, with costs,