J. DIXON AVERY, RESPONDENT, *v.* MARVIN S. LEACH, APPELLANT.

*Account stated.*

In this action, brought to recover the price of goods sold in the month of December, 1872, and February, 1873, it appeared that an account for the same was rendered in the summer of 1873, to the defendant, and by him retained without objection until the commencement of this action, in August, 1874. The defendant set up as a defense to the action that the goods were sold to his son, and that the latter was not defendant's agent, or authorized to buy goods on his credit. *Held,* that, by receiving the account, and retaining it without objection for so long a time, the defendant must be deemed to have acquiesced in its correctness, and could not now insist upon the defense attempted to be set up.

APPEAL from a judgment of the County Court of Madison county, affirming a judgment in favor of the plaintiff, recovered in a Justice's Court.

The action was brought to recover for goods sold and delivered to the defendant.

*N. Foote,* for the appellant.

*H. H. Keith,* for the respondent.

BOARDMAN, J.:

The account sued upon was not impeached for fraud or mistake. The evidence of value and sale was undisputed. The sole defense was that the sale was to and for the benefit of defendant's son; that the son was not the defendant's agent or authorized to buy on defendant's credit, and that the defendant did not purchase or have the goods, etc., sued for.

It is not necessary to determine whether the evidence was sufficient to sustain a conclusion that Niles Leach, the son, was defendant's agent, or the defendant in fact had the goods and used them for his own benefit.

The evidence shows it was a stated account between the parties to this action. The account was made in December, 1872, and February, 1873. During the summer of 1873 the account was made out and presented to the defendant. No objection was made thereto prior to the bringing of this action in August, 1874, during all which time the defendant retained such account and by his silence acquiesced in its correctness. Not until this action was brought was any objection made, and even then the defendant offered to pay the debt if plaintiff would pay the costs. (Fol. 43.) Under such a state of facts it must be deemed an account stated. He who receives an account and retains it, without making any objection thereto within a reasonable time, will be deemed by his silence to have acquiesced in its correctness presumptively binding him to the payment thereof. (*Lockwood* v. *Thorne,* 11 N. Y., 170; *Case* v. *Hotchkiss,* 1 Abb. Ct. of App. Dec., 324; *Towsley* v. *Denison,* 45 Barb., 490; *Dows* v. *Durfee,* 10 id., 213.) The judgment, for this reason, was properly affirmed by the County Court. The

pleadings in Justices' Courts are always liberally treated in the furtherance of justice. Critical accuracy of pleadings is not required, and especially where no objection on account thereof is taken, and the evidence admitted without objection shows a cause of action. (Code, § 366; *Hall* v. *McKechnie*, 22 Barb., 244; *Brown* v. *Harmon*, 21 id., 508.)

The judgment of the County Court should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.