THE STATE, HENRY BAYLES AND CLARENCE B. UPDIKE, PARTNERS, &c., PROSECUTORS, v. WILLIAM K. NEWTON, DAIRY COMMISSIONER, &c., DEFENDANT.

In an action for a penalty under the "Act to prevent deception in the sale of oleomargarine, butterine, or any imitation of dairy products, and to preserve the public health," passed March 22d, 1886 (*Pamph. L.*, p. 107). *Held*, that notice must be given to each purchaser according to the terms of the statute; that if the suit be brought before a justice of the peace, an endorsement on the affidavit, on the writ, and at the head of the transcript, "In the court for the trial of small causes," &c., will not invalidate, but will be controlled by the body of the affidavit, the summons and entry of judgment; that the statute does not require it to be shown that the article sold is deleterious, or that deception was practiced, it is sufficient if notice be not given; that costs are given by the statute; that the Appellate Court shall give such judgment as the court appealed from should have given; that two persons who are partners may be convicted in the same action if the offence be committed by one in the course of the partnership business, but only one penalty is recoverable.

On *certiorari* to the Court of Quarter Sessions of Mercer county. In an action for a penalty of $100, under section 9 of "An act to prevent deception in the sale of oleomargarine, butterine, or any imitation of dairy products, and to preserve the public health," approved March 22d, 1886 (*Pamph. L.*, p. 107), and for violation of section 4 of that statute, which enacts "that no person shall sell any oleomargarine, butterine, suine, or any substance in imitation or semblance of natural butter or cheese, or any substance that is rendered, made, manufactured or compounded out of any animal or vegetable, or mineral fat or oil not produced from pure milk or the cream from pure milk, at retail or in quantities less than the

original firkin or package, unless he shall first inform the purchaser that the substance is not natural butter or cheese, but imitation of butter or cheese, and at the time of sale, and with each sale, he shall give to the purchaser a card or notice printed on which shall be the name of the substance sold and the name and address of the seller or vendor, and said notice or card shall be at least six inches long and at least four inches wide, and the printing thereon shall be in letters at least of the size known as two-line English, and said notice or card shall be printed in black and in the English language."

The suit was brought by the State Dairy Commissioner, for the use of the state, on oath made according to law, that the prosecutors had violated the provision of the fourth section of the act. Summons was issued thereon by the justice of the peace, who, after hearing the party and witnesses, gave judgment for $100 penalty, with costs. An appeal was taken, under section 13 of the act, to the next Court of General Quarter Sessions of the peace of Mercer county, which, after hearing, gave like judgment against the defendants.

The latter judgment is brought here for review by this writ of *certiorari*.

Argued at February Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *Chauncy H. Beasley*.

For the defendant, *James Buchanan*.

The opinion of the court was delivered by

SCUDDER, J. This statute does not prohibit the sale of oleomargarine, butterine, or any imitation of dairy products, and is therefore free from the objections that have been made against statutes in some other states, which have been entirely prohibitory. It is intended merely to regulate the sale of such imitations, and thereby prevent deception. The main restriction is that full notice shall be given to every purchaser.

Bayles v. Newton.

The complaint made by the affidavit of a purchaser here is that the notice required by the statute was not given to him. It is provided that the seller shall inform the purchaser that the substance is not natural butter or cheese, but is imitation butter or cheese, and at the time of sale, and with each sale, he shall give to the purchaser a card or notice printed in a prescribed form. The complaint and affidavit of the witness on which the complaint is founded, were that such notice was not given when the defendants sold to him a half pound of a substance in imitation of butter, in violation of the terms of the statute. That no such notice was given before or at the time the sale was made is found as a fact by the trial court, and there was no evidence to contradict it. The defence is based on the illegality of the proceedings in court. The first objection made is that the case was tried in the court for the trial of small causes and not before a justice of the peace. Jurisdiction is given in section 10 to "every District Court in any city, and every justice of the peace in any county, and any recorder in any city."

The oath was taken before a justice of the peace, and attested by him as such; the summons was issued to the defendants to appear before him as one of the justices of the peace of the county; it was given under his hand and seal by like description; he heard and gave judgment, signed the docket and the transcript as such justice. The only variation from this form is found in the endorsement of the affidavit on the writ, and at the head of the transcript, where are found the words, " In the court of the trial of small causes before A. B., one of the justices of the peace of the county of Mercer." These endorsements, and the heading, are but formal parts of the proceeding, which are controlled by the body of the affidavit, the summons, and the entry of judgment.

The difference between the ministerial duties of justices of the peace as conservators of the peace, and their judicial functions in the court for the trial of small causes, and in other matters of special jurisdiction conferred on them by statute, is well-known in our law, and must be observed in exercis-

ing their statutory authority. *Schroder* v. *Ehlers*, 2 *Vroom* 44. In this case we think the record shows, in all its substantial parts, that the proceeding was properly begun and ended before a justice of the peace of the county, within the terms of the statute. It is a summary proceeding without the filing of any pleading and without other forms than those given by the act. The next reasons are that it does not appear that the articles sold were deleterious to public health, or that any deception was practiced to induce the purchase. The answer to these objections is that the statute does not require that they should be shown. It merely says that no such substance and imitation as are named therein shall be sold or exposed, or offered for sale, or had in possession for the purpose of sale, except as therein prescribed ; and in section 10, " Every person who shall violate any of the provisions of this act shall be liable to a penalty of $100 for the first offence, and $200 for each second or subsequent offence." Here the enactment that is violated is the failure to give notice, and the offence is completed if such notice be not given. Like statutes have received this construction. In *Regina* v. *Woodrow*, 15 *Mees. & W.* 404, a dealer in and retailer of tobacco was held liable to the penalty imposed by statute for having in his possession adulterated tobacco, although he had purchased it as genuine, and had no knowledge or cause to suspect it was not so. Chief Baron Pollock said : " If this were the case of provisions, or of any matter that affected the public health, it would not be at all unreasonable to require a person dealing in them to be aware of their character and quality, and to be responsible for their goodness, whether they knew it or not, they are bound to take care." In *Commonwealth* v. *Farren*, 9 *Allen* 489, it was held that a person may be convicted of selling adulterated milk under statute, although he did not know it to be adulterated, and an averment in the indictment that he had such knowledge may be rejected as surplusage. The law-makers knew it was impracticable in most cases to prove this knowledge, and they regarded it as reasonable under the circumstances, that the seller of milk take upon

Bayles v. Newton.

himself the risk of knowing that the article he offered for sale is not adulterated. The court said it is the same risk which every man takes who sells intoxicating drinks, the law making him liable to the penalty, although it is not proved that he knew that the liquors were intoxicating. *Commonwealth* v. *Boynton*, 2 *Allen* 160.

Under a like statute, in *Commonwealth* v. *Evans*, 132 *Mass.* 11, the same conclusion is stated.

In *Fitzpatrick* v. *Kelly*, *L. R.* (8· *Q. B.*) 337, on a statute against selling, as unadulterated, any article of food or drink which is adulterated, and .when mixed with any other substance, selling the same, without declaring such admixture before delivering, and imposing a penalty for its violation; on a case stated by the police magistate, it was said there need not be an express representation or statement that the article is unadulterated.

For the general principle of these cases, see *Boyce* v. *Gibbons*, 3 *Halst.* 324; *Halsted* v. *State*, 12 *Vroom* 552. Other analogous cases might be cited, but these will indicate that the words of the act, and the intent shown by those words, must govern in the enforcement of penalties under this statute. It is enough if the person selling the article fail to notify the buyer that he is selling imitation of butter; and such notice must be given in the form directed by the law, otherwise a penalty will be incurred. It is not even sufficient that the seller should inform the purchaser that the substance is not natural butter, as they testify was done in this case; it is also necessary that a printed card or notice should be given to fix his attention and prevent any misunderstanding. This particularity was deemed necessary to protect the public against the possibility of imposition by selling spurious for genuine butter. It is not that the substance is deleterious, nor the deception in selling it, but the failure to notify in. the prescribed form that is punishable by the law.

Costs are given by the statute, in section 10, where it is said that judgment for the plaintiff shall be for the recovery

of the penalty, with costs; there is no error, therefore, in this regard.

It is also objected that the Court of Quarter Sessions refused to reverse the judgment of the justice of the peace. The form of the judgment in that court, on the trial of the appeal, is given in section 13. It says that it " shall proceed and try the same, and make such adjudications as are herein provided in case of such trial before said District Court, justice or recorder." This means that there shall not be a mere affirmance or reversal, but that the Appellate Court shall give such judgment as the court appealed from should have given.

The complaint is also said to be defective, because it does not set out that the defendants knowingly committed the act. That objection has been already considered. It may be further answered that the complaint fully sets forth the offence in the words of the statute.

The seventh reason, that the judgment, as shown by the transcript of the justice, is irregular and insufficient, is not well taken. That is not the judgment that is here under review. The judgment of the Court of Quarter Sessions, on the appeal, is before us in the return to the writ addressed to that court. The facts on which the conviction is based appear by the testimony of witnesses and by the admissions of the parties made in open court, and the judgment is specific in form.

The last special reason assigned is that the conviction is against the two partners in the store where the article was sold, whereas they should have been sued for several and distinct penalties. But partners are liable *in solido* for the tort of one, if the tort were committed by him as a partner, and in the course of the business of the partnership. *Parson on Part.* 150; *Collyer on Part.*, § 727.

It is also well-settled that where two or more persons are jointly concerned in doing an act for which a penalty is imposed by statute, a joint action may be maintained against them, but only one penalty is recoverable. *Cabill* v. *Vaughan*, 1 *W. Saund.* 291 *c. f.; Warren* v. *Doolittle*, 5 *Cow.* 678;

*Ingersoll* v. *Skinner*, 1 *Den.* 540; *Palmer* v. *Conly*, 4 *Den.* 374; *S. C.,* 2 *Com.* 182; *Burnham* v. *Webster*, 5 *Mass.* 266.

The defendants were partners, and in the transaction of their business at the time and at their store, this offence was committed. There is no error, therefore, in joining the defendants in this proceeding, and in the judgment against them for the one penalty. The judgment of the Court of Quarter Sessions will be affirmed.