## BLENDERMANN v. MANN-WRAY.

(Supreme Court, Appellate Term.   July 7, 1908.)

HUSBAND AND WIFE—LIABILITY OF WIFE—ACTIONS—EVIDENCE.
   In an action against a married woman for groceries supplied, evidence *held* insufficient to authorize a recovery.
   Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Diedrich Blendermann against Emma Mann-Wray.  From a judgment of the City Court of the city of New York in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed, and new trial ordered.

See 108 N. Y. Supp. 700.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Stephen Callaghan, for appellant.
Charles La Rue, for respondent.

MacLEAN, J.   Chiefly because he got no replies to bills he chose to to send her, the plaintiff has gotten a recovery against the defendant as upon an account stated, an account for groceries, largely of the common household variety, with so much flavor of alcohol, hops and malt as to strengthen the presumption that the husband, rather than the housewife, would be looked to for payment.   Without gainsaying, an account stated, like any other account, must start with a debtor as well as a creditor; for it rests upon agreement or meeting of the minds and a promise, which may be evidenced under some circumstances by acquiescence.   While a widow, the defendant had household supplies from the plaintiff down to April, 1905.   Then she paid off her accounts, gave up housekeeping, married, and went to Lake George.   In the late autumn she came to New York with her husband to live.   She called at the grocer's.   She told him that she was married and that her name was Mrs. Wray.   Groceries were served to the new household, presumably to be paid for by Mr. Wray, on the known obligation of the husband to provide necessaries for his household and his consequent liability therefor.   So the plaintiff thought, for he dunned Mr. Wray by bills rendered against him, by letters, by personal calls at his office, and by telephone, again and again, month by month, down to the 31st of July, and lastly through a letter of his attorney on August 29, 1907, and he accepted the husband's promises to pay and his money—at one time his office check of December 8, 1906, for $133.37, and at another his check of April 4, 1907, for $150, handed to his wife, who gave her own.

By August of 1907 the plaintiff began sending the bills to the defendant. At least there was put in evidence a registry receipt, dated August 13, 1907, of an envelope addressed to the defendant at Morristown, N. J.. The plaintiff says he put the bill in that. The defendant replied not at all. Much is made thereof that the plaintiff used a pass book in the lady's name both before and after her marriage, and that he had an account in her name. Be those incidents proof of the defendant's indebtedness to the grocer, then a self-serving ledger becomes a voucher against one who never saw it or heard of it, and the pass book passing between the grocery and the kitchen proves itself, because no objections came from the cook and the scullery maid, thus become auditors for the householder. This doctrine counsel for the plaintiff would make out by citing from cases relating to the pass books of banks, written up at the request of the customers and fortified by vouchers of their own making. The analogy fails, for the written-up pass book, with returned vouchers, is really a reply to the direct or practical request of the bank's customer to know the state of his account. Most of the other cases cited to sustain the judgment at bar are similarly repugnant to the case in controversy, and some of the assertions of facts in the brief are not found in the case. The judgment should be reversed, unless it may be held that in a controversy between two people, recognized as such by both, and resting upon valid presumptions of law and fact, a new party may be brought in by a novation on the wish of the creditor, so as to make a new way for collecting an old debt.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs in result.

SEABURY, J. (dissenting). The jury having found that the plaintiff originally gave credit to the defendant, and not to her husband, the fact is established that the defendant is indebted to the plaintiff. The only issue about which there has been so much litigation is as to whether the plaintiff can recover in the present form of action, which is upon an account stated. Upon the first trial of this action the court dismissed the complaint. Upon appeal to this court the judgment entered upon the dismissal was reversed, and a new trial ordered, at the January Appellate Term, 1908, 108 N. Y. Supp. 700. In its opinion reversing the judgment, the court stated:

"If the jury, upon consideration of all the evidence, determine that credit was extended to the defendant, then * * * it is a question of fact for the jury to determine whether, in view of the circumstances of the case, there was an account stated. Towsley v. Denison, 45 Barb. 490; Lockwood v. Thorne, 18 N. Y. 285."

Upon the last trial the justice submitted the case to the jury upon the theory stated above, in a charge to which no exception was taken. There is no legal reason why the defendant should not be compelled to pay for the groceries which the plaintiff furnished her.

The judgment should be affirmed, with costs.