(156 App. Div. 460.)

### PEOPLE v. KOZAK et al.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

INTOXICATING LIQUORS (§ 167*)—ILLEGAL SALES—PARTIES LIABLE.

Where the proprietor of a saloon illegally sold liquor and consented to a sale made on the same day by his bartender in his absence, the two were properly convicted of selling intoxicating liquors in violation of Liquor Tax Law (Consol. Laws 1909, c. 34) § 30a.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 182, 183; Dec. Dig. § 167.*]

Foote, J., dissenting.

Appeal from Trial Term, Oneida County.

John Kozak and another were convicted of selling intoxicating liquors in violation of Liquor Tax Law, § 30a, and they appeal. Affirmed.

The defendants were jointly indicted by a grand jury of Oneida county on October 30, 1912, for a violation of the Liquor Tax Law of the state of New York alleged to have been committed in the village of New York Mills on June 9, 1912. They were tried together and were found guilty of such offense, and on December 6, 1912, were each sentenced by the court to six months' imprisonment in the Onondaga county penitentiary.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

C. D. Phillips, of Utica (P. H. Fitzgerald, of Utica, of counsel), for appellants.

Bradley Fuller, Dist. Atty., of Utica, for the People.

McLENNAN, P. J. The evidence tends to show that Peter Kozak was the proprietor of a saloon or place in which liquor was illegally sold and in which said alleged violation took place; that he sold such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liquor in the morning at about 7 o'clock; and that later in the forenoon his brother, John Kozak, also made a similar sale in such saloon or place.

We think that the sale by the proprietor and the sale by his brother, John, whether as agent, copartner, or otherwise, constituted an offense within the meaning of the statute as far as the proprietor of the saloon is concerned, and that the two sales made upon the same day at the same place could properly be considered as one crime for which the proprietor, Peter, might be indicted and convicted, and that the sale upon one of such occasions by John made him a joint offender with the proprietor for which both are liable to be punished, and therefore that they were both properly jointly indicted and convicted. Hall v. McKechnie, 22 Barb. 244; People v. Utter, 44 Barb. 170; Woollen & Thornton, Law of Intoxicating Liquors (1910 Ed.) vol. 2, §§ 802, 803, 806, 813, and 821.

We think that the provisions of the statute bearing upon this question are very significant. It provides:

"Sec. 35. Persons Liable for Violations of This Chapter. Any person engaged in the traffic in liquors, whether as officer of a corporation, or association, or as a member of a copartnership, or an individual, shall upon conviction of a violation of any of the provisions of this chapter be liable for and suffer the penalties imposed therein; and any clerk, agent, employé or servant shall be equally liable as principals for any violation of the provisions of this chapter, and except as hereinafter provided, each violation of any of the provisions of this chapter shall be construed to constitute a separate and complete offense, and for each violation on the same day, or on different days, the person or persons offending shall be liable to the penalties and forfeitures imposed by this chapter; and in section thirty-six providing for penalties and forfeitures when corporations or associations are referred to, and penalties and forfeitures are imposed thereon, the same shall be understood to mean and apply to the officers of such corporation or association. All violations of this chapter, committed by any person on the same day, shall together constitute but one crime, which shall be denominated the crime of 'violating the liquor tax law,' and it shall be competent to prove, on the trial or hearing, each separate violation committed on said date, provided each violation proved is set forth in the indictment, charge or complaint, in general or specific terms."

We conclude that there being evidence tending to show that Peter Kozak was the proprietor of the saloon or place in question and that he himself sold intoxicating liquors in violation of the statute in the morning of such day and later in the day by his brother, John Kozak, the other defendant, as bartender, agent, servant, copartner, or otherwise, both were guilty of the offense charged, namely, that of "violating the Liquor Tax Law," and were properly jointly indicted and convicted.

I think the judgment appealed from should be affirmed.

Judgment of conviction affirmed.

KRUSE, ROBSON, and LAMBERT, JJ., concur in result in a separate memorandum by KRUSE, J. FOOTE, J., dissents in an opinion.

KRUSE, J. (concurring). I concur in result, upon the ground that the evidence tends to show that the defendant Peter, the proprietor,

consented to the sale made by the bartender, John, and therefore both defendants were properly convicted, irrespective of the question as to whether or not two independent sales made by different persons on the same day and at the same place are to be regarded as one offense committed by both jointly.

It appears that early in the morning the proprietor himself served drinks to customers, and merely because he was not personally present when the bartender served drinks a few hours later does not conclusively prove that the sales made by the bartender were without his authority and against his wishes. The jury might well find from the circumstances that the sale was made by his authority. The exception to the charge, that both defendants might be convicted, was not, therefore, well taken.

FOOTE, J. (dissenting). By the indictment the defendants were charged jointly with the crime of trafficking in liquors on Sunday by unlawfully selling to John Paolis and divers other persons to the grand jury unknown spirituous liquors of several kinds. At the trial the proofs offered by the district attorney tended to prove a sale by the defendant Peter Kozak at an early hour on the morning of Sunday, June 9, 1912, between 6 and 7 o'clock; defendant John Kozak was not present and had no part in this transaction; that thereafter and between 11 and 12 o'clock of the same forenoon the defendant John Kozak sold liquor to Paolis and other persons not present at the first sale. The defendant Peter Kozak was not present at this latter transaction and had no part therein. There is evidence that Peter was a proprietor of the saloon where these sales were made; but whether sole proprietor or whether he and his brother John were both proprietors does not clearly appear, though that both were such is the most probable inference, and was so assumed in questions put by counsel to witnesses. The indictment did not allege, nor did the district attorney attempt to prove, that either or both defendants were proprietors of this saloon, or what relation either had to the business, nor did the district attorney claim at the trial, nor does he claim here, that any facts were proved which made either defendant criminally liable for the sales made by his codefendant. The case was submitted to the jury on the theory that each defendant was liable for his own personal acts in making sales, and there was no suggestion that if the jury found either defendant not guilty of making a sale he could be convicted on account of sales shown to have been made by his codefendant. The jury found both defendants guilty as charged in the indictment, and each was sentenced to a term of six months imprisonment in the Onondaga county penitentiary.

This appeal is based principally upon the ground that error was committed in the conviction of each defendant of a separate and distinct crime. While the indictment did not purport to charge separate transactions as constituting the one crime alleged, and hence this question could not have been presented by demurrer, the question was distinctly raised by defendant's counsel by exception to the charge and the refusal to charge as requested and by motion in arrest of judgment and for a new trial.

By section 278 of the Code of Criminal Procedure, it is provided that:

"The indictment must charge but one crime and in one form, except as in the next section provided."

The next section (279) is as follows:

"The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

The question is: Do the separate transactions proved in which each defendant acted separately and not in participation with his codefendant constitute one crime?

The question turns upon the true construction and meaning of section 35 of the Liquor Tax Law (Laws 1909, c. 39, as amended by chapter 281, Laws 1909). This section, so far as material here, is as follows:

"Except as hereinafter provided, each violation of any of the provisions of this chapter shall be construed to constitute a separate and complete offense, and for each violation on the same day, or on different days, the person or persons offending shall be liable to the penalties and forfeitures imposed by this chapter. * * * . All violations of this chapter, committed by any person on the same day, shall together constitute but one crime, which shall be denominated the crime of 'violating the Liquor Tax Law,' and it shall be competent to prove, on the trial or hearing, each separate violation committed on said date, provided each violation proved is set forth in the indictment, charge or complaint, in general or specific terms."

The last clause quoted, making all violations committed on the same day constitute one crime, was added to the section by chapter 250, Laws 1908. It is the contention of the learned district attorney that the sentence added by the amendment makes all violations committed on the same day by any number of persons at the same place one crime, and that they may all be included in the same indictment and convicted of the one crime, notwithstanding that each was guilty of an act entirely separate and distinct from that of his associates.

It will be seen that, as the section stood prior to the amendment of 1908, each separate sale of liquors on the same day by one person constituted a separate and complete offense, for which as many indictments might be found as there were separate and distinct sales. It seems to have been the object of the amendment to prevent one person from being made liable for more than one crime for all the sales which he might make on the same day, and also to permit conviction to be had upon proof of any one of the sales made upon that day, where the indictment charged more than one sale in general or specific terms.

The construction of the statute contended for by the learned district attorney would permit including in one indictment as guilty of one and the same crime all persons selling liquor in violation of the act in the same town or village on the same day, although the transactions were entirely separate and distinct, in different buildings, without any co-operation among the defendants or any knowledge upon their part of any sales except as each knew of the sales he himself made. We think such was not the purpose or intent of the statute.

The more reasonable construction of the statute is that the words, "all violations of the Liquor Tax Law committed by any person on the same day" refer to all violations by the same person and not to separate violations by *all* persons on the same day, and therefore that separate violations by different individuals not acting in common do not constitute one crime, but separate and distinct crimes for which each must be prosecuted separately.

It follows that the judgment of conviction should be reversed, and a new trial ordered in the County Court.